UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JOHN FARINA,

                        Plaintiff,

   - v -                                             8:24-CV-395
                                                    (DNH/DJS)

EMILY DAVIS,
*Special Agent, Homeland Security*,

                        Defendant.

**APPEARANCES:**                                      **OF COUNSEL:**

JOHN FARINA
Plaintiff, *Pro Se*
20230483
Clinton County Jail
25 McCarthy Drive
Plattsburgh, New York 12901

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER[1]

     The Clerk has sent the undersigned Plaintiff's civil Complaint for review pursuant to 28 U.S.C. § 1915(e). Dkt. No. 1, Compl. Plaintiff has not paid the filing fee, but instead submitted a Motion to Proceed *in forma pauperis* ("IFP"). Dkt. No. 2, IFP App. The Complaint asserts claims under the Federal Tort Claims Act ("FTCA")

---

[1] This matter was referred to the undersigned pursuant to L.R. 72.3(d).

and 42 U.S.C. § 1983 for violation of Plaintiff's Fourth Amendment rights. *See generally* Compl.

## I. SUFFICIENCY OF THE COMPLAINT

### A. Governing Legal Standard

28 U.S.C. § 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, even if a plaintiff meets the financial criteria to commence an action *in forma pauperis*, it is the court's responsibility to determine whether the plaintiff may properly maintain the complaint that he filed in this District before the court may permit the plaintiff to proceed with his action *in forma pauperis*. *See id.* In reviewing a *pro se* complaint, the court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556).

Although a court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)). Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal quotation marks and alterations omitted).

### B. Summary of the Complaint

Plaintiff alleges that in March 2021 he was arrested for an unspecified crime. Compl. at ¶ 4. Following his arrest, Plaintiff alleges that Defendant seized his wallet and its contents without a warrant. *Id.* Afterward, Defendant allegedly gave Plaintiff's

3

wallet to an unknown individual without Plaintiff's permission. According to Plaintiff, this resulted in theft of Plaintiff's identity and loss of funds – all in violation of the Fourth Amendment and FTCA. *Id.* at ¶¶ 5 & 19.

### C. Analysis of the Complaint

The Court recommends that Plaintiff's Complaint be dismissed, with leave to amend. It has long been established that § 1983 claims may only be brought against state and local officials acting under color of state law, not federal employees. *See, e.g.*, *Emerick v. United Techs. Corp.*, 1996 WL 680759, at *1 (2d Cir. Nov. 22, 1996). Rather, federal employees may only be sued in their individual capacities under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*. 403 U.S. 388. In *Bivens*, the Supreme Court established a cause of action against federal officials where "the plaintiff can show the defendant's personal involvement in the constitutional violation." *Graham v. Metro. Detention Ctr.*, 2014 WL 4417360, at *2 (E.D.N.Y. Sept. 8, 2014).

Here, Plaintiff's § 1983 claim is asserted against a Homeland Security Special Agent – an obvious federal official. Compl. at p. 1. In his Complaint, Plaintiff alleges that Defendant acted "under the colors and authority of the United States of America" when she allegedly violated his Fourth Amendment rights. *Id.* Because Plaintiff does not allege that Defendant is a state actor who acted under the color of state law, § 1983 is not an avenue for the relief Plaintiff seeks. As such, the Court recommends that Plaintiff's § 1983 claim be dismissed with leave to amend.

Likewise, Plaintiff's FTCA claim should be dismissed. First, the FTCA requires a claimant to exhaust administrative remedies prior to initiating a FTCA action in federal court, a "requirement [that] is jurisdictional and cannot be waived." *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005). Accordingly, before commencing a FTCA action in federal court, plaintiffs must file an administrative tort claim with the appropriate federal agency within two years of the date of the claim's accrual. *Genao v. United States*, 2010 WL 3328017, at *1 (E.D.N.Y. Aug. 19, 2010). If the claim is denied, the plaintiff must then file suit in federal court or seek reconsideration from the federal agency issuing the denial. *Id.* Failure to do so renders the claim barred. *Graham v. Metro. Detention Ctr.*, 2014 WL 4417360, at *3. While Plaintiff alleges that he attempted to exhaust his FTCA administrative remedies, Compl. at ¶ 18, he has not provided a copy of his Form 95. Plaintiff's conclusory assertion that he has exhausted his administrative remedy is insufficient to permit this matter to proceed at this time. *Fiore v. Medina*, 2012 WL 4767143, at *7 (S.D.N.Y. Sept. 27, 2012).

Another obstacle in pursuing FTCA claims is that such claims "cannot be asserted against government employees concerning conduct within the scope of their employment." *Levinson v. United States Fed. Bureau of Prisons*, 594 F.Supp.3d 559, 568 (S.D.N.Y. 2022). This is because government employees are not proper defendants under the FTCA. *See, e.g.*, *Rivera v. United States*, 928 F.2d 592, 608-09 (2d Cir. 1991).

Rather, the United States of America is the "only proper federal defendant in an FTCA suit." *Charles v. Potter*, 2008 WL 4499130, at *2 (S.D.N.Y. Oct. 7, 2008). If Plaintiff is permitted leave to amend to cure the identified deficiencies he should note this fact in filing an amended complaint.

### D. Leave to Amend

"[A] court should not dismiss a complaint filed by a pro se litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Bruce v. Tompkins Cnty. Dep't of Soc. Servs. ex rel. Kephart*, 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) (quoting *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991)). The deficiencies identified above could potentially be rectified by more detailed pleading and so the Court recommends that the Complaint be dismissed, but that Plaintiff be afforded an opportunity to amend. Plaintiff is advised that any such amended complaint shall supersede and replace in its entirety the previous Complaint filed by Plaintiff. If this recommendation is accepted and Plaintiff is permitted to amend his Complaint, Plaintiff is further warned that the failure to submit an amended complaint could result in dismissal of this action.

### II. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiff's Complaint be **DISMISSED with leave to amend**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[2] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW</u>**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:  April 29, 2024
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[2] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).