UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOHN FARINA,

                    Plaintiff,

              -v-                    8:24-CV-395

EMILY DAVIS, Special
Agent, Homeland Security,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:               OF COUNSEL:

JOHN FARINA
Plaintiff, Pro Se
20230483
Clinton County Jail
25 McCarthy Drive
Plattsburgh, NY 12901

DAVID N. HURD
United States District Judge

## <u>ORDER ON REPORT & RECOMMENDATION</u>

On March 20, 2024, *pro se* plaintiff John Farina ("plaintiff") filed this civil rights action alleging that defendant Emily Davis, a Homeland Security Special Agent, violated his rights under 42 U.S.C. § 1983 and the Federal Tort Claims Act ("FTCA"). Dkt. No. 1. Along with his complaint, plaintiff

moved for leave to proceed *in forma pauperis* ("IFP Application"), Dkt. No. 2, and to have the U.S. Marshals appointed to serve the complaint, Dkt. No. 3.

On April 29, 2024, U.S. Magistrate Judge Daniel J. Stewart granted plaintiff's IFP Application, Dkt. No. 7, and then advised by Report & Recommendation ("R&R") that plaintiff's complaint be dismissed with leave to amend. Dkt. No. 8. As Judge Stewart explained, the § 1983 claims failed because the named defendant was alleged to be a federal (as opposed to a state or local) official, while the FTCA claims failed because the complaint did not plausibly allege the exhaustion of certain administrative remedies. *Id.*

Plaintiff has not lodged objections, and the time period in which to do so has expired. *See* Dkt. No. 8. Upon review for clear error, the R&R is accepted and will be adopted. *See* FED. R. CIV. P. 72(b).

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 8) is ACCEPTED;

2. Plaintiff's complaint is DISMISSED with leave to amend;

3. Plaintiff's motion to appoint the U.S. Marshals (Dkt. No. 3) is DENIED without prejudice as moot;

4. Plaintiff shall have THIRTY DAYS in which to submit an amended pleading that conforms with the instructions set forth in Judge Stewart's R&R;

5.  If plaintiff timely files an amended pleading, the Clerk of the Court shall refer this matter to Judge Stewart for further review; and

6.  If plaintiff fails to timely file an amended pleading, the Clerk of the Court is directed to close this matter without further Order of the Court.

IT IS SO ORDERED.

Dated:  May 21, 2024
        Utica, New York.

David N. Hurd
U.S. District Judge