**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

JOHN FARINA,

                       Plaintiff,

      - v -                                     8:24-CV-395
                                                      (DNH/DJS)
UNITED STATES OF AMERICA,

                       Defendant.
_____

**APPEARANCES:**                              **OF COUNSEL:**

JOHN FARINA
Plaintiff, _Pro Se_
Plattsburgh, New York 12901

**DANIEL J. STEWART**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER[1]

      Plaintiff, a _pro se_ litigant proceeding _in forma pauperis_, filed his Complaint in March of 2024. Dkt. Nos. 1, 2, & 7. Upon review pursuant to 28 U.S.C. § 1915(e), this Court recommended that Plaintiff's Complaint be dismissed with leave to amend. Dkt. No. 8. That recommendation was accepted and on May 21, 2024, Plaintiff's Complaint was dismissed with leave to amend. Dkt. No. 9. Now pending before the Court is Plaintiff's Amended Complaint. Dkt. No. 10, Am. Compl. Therein, Plaintiff asserts

---

[1] This matter was referred to the undersigned pursuant to L.R. 72.3(d).

that his property was negligently discarded in violation of the Federal Tort Claims Act ("FTCA").  *See generally id.*

## I. SUFFICIENCY OF THE COMPLAINT

### A. Governing Legal Standard

28 U.S.C. § 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Thus, even if a plaintiff meets the financial criteria to commence an action *in forma pauperis*, it is the court's responsibility to determine whether the plaintiff may properly maintain the complaint that he filed in this District before the court may permit the plaintiff to proceed with his action *in forma pauperis*.  *See id.*  In reviewing a *pro se* complaint, the court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond."  *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted).  Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A

2

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556).

Although a court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)). Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal quotation marks and alterations omitted).

### B. Summary of the Complaint

Plaintiff alleges that in March 2021 he was arrested for an unspecified crime. Am. Compl. at ¶ 5. Following his arrest, Plaintiff alleges that Homeland Security Agent Emily Davis seized his wallet and its contents without a warrant. *Id.* Afterward, Agent

Davis allegedly gave Plaintiff's wallet to an unknown individual without Plaintiff's permission. *Id.* at ¶ 6. According to Plaintiff, this resulted in identity theft and loss of funds. *Id.* at ¶¶ 6-8 & 11.

### C. Analysis of the Complaint

The Court recommends that Plaintiff's Complaint be dismissed, with one final opportunity to amend. As stated in this Court's first Report and Recommendation, the FTCA requires a claimant to exhaust administrative remedies prior to initiating a FTCA action in federal court, a "requirement [that] is jurisdictional and cannot be waived." *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005); Dkt. No. 8 at p. 5. As a prerequisite to filing a FTCA action in federal court, plaintiffs must file an administrative tort claim with the appropriate federal agency within two years of the date of the claim's accrual. *Genao v. United States*, 2010 WL 3328017, at *1 (E.D.N.Y. Aug. 19, 2010). For that claim to be valid, it "must be specific enough to serve the purpose of the FTCA to enable the federal government to expedite the fair settlement of tort claims." *Romulus v. United States*, 160 F.3d 131, 132 (2d Cir. 1998). However, it need not be overly specific—the allegations will be deemed sufficient if they provide the agency "a full opportunity to investigate the claim and evaluate their liability." *Reith v. U.S.*, 2010 WL 11681407, at *4 (N.D.N.Y. July 28, 2010); *see also Downs v. U.S.*, 2009 WL 2611226, at *3 (N.D.N.Y. Aug. 24, 2009) ("Although

Plaintiff's Form 95 is not overly specific, the Court finds that it contains sufficient information to permit Defendants to conduct an investigation into what occurred[.]").

Here, Plaintiff did attach a Form 95 to his Amended Complaint showing that he filed an administrative tort claim prior to initiating the instant action. Am. Compl. at p. 7. However, the Form provides no information from which the Court can glean whether the agency received a full opportunity to properly investigate Plaintiff's claim. In the fact sections of the form, Plaintiff simply stated "see attached papers" with no further detail. *Id.* Plaintiff did not attach the referenced papers and so the Court cannot determine whether Plaintiff's allegations were sufficient.

### D. Leave to Amend

"[A] court should not dismiss a complaint filed by a pro se litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Bruce v. Tompkins Cnty. Dep't of Soc. Servs. ex rel. Kephart*, 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) (quoting *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991)). The deficiency identified above can be rectified by Plaintiff submitting the papers referenced in his Form 95 in his Second Amended Complaint. Accordingly, the Court recommends that the Complaint be dismissed, but that Plaintiff be afforded an opportunity to amend. Plaintiff is advised that any such amended complaint shall supersede and replace in its entirety the previous Complaint and Amended Complaint filed by Plaintiff. If this recommendation is

5

accepted and Plaintiff is permitted to amend, Plaintiff is further warned that the failure to submit a sufficient complaint could result in dismissal of this action.

## II. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiff's Complaint be **DISMISSED with leave to amend**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[2] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW</u>.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:  July 16, 2024
       Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

---

[2] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).