UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOHN FARINA,

        Plaintiff,

    -v-                              8:24-CV-395

UNITED STATES OF AMERICA,

        Defendant.[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                     OF COUNSEL:

JOHN FARINA
Plaintiff, Pro Se
20230483
Clinton County Jail
25 McCarthy Drive
Plattsburgh, NY 12901

DAVID N. HURD
United States District Judge

## ORDER ON REPORT & RECOMMENDATION

On March 20, 2024, *pro se* plaintiff John Farina ("plaintiff") filed this civil rights action alleging that Emily Davis, a Homeland Security Special Agent, violated his rights under 42 U.S.C. § 1983 and the Federal Tort Claims Act ("FTCA"). Dkt. No. 1. Along with his complaint, plaintiff moved for leave to

---

[1] The Clerk of the Court will be directed to amend the caption accordingly.

proceed *in forma pauperis* ("IFP Application"), Dkt. No. 2, and to have the U.S. Marshals Service appointed to serve the complaint, Dkt. No. 3.

On April 29, 2024, U.S. Magistrate Judge Daniel J. Stewart granted the IFP Application, Dkt. No. 7, and then advised by Report & Recommendation ("R&R") that plaintiff's complaint be dismissed with leave to amend, Dkt. No. 8. As Judge Stewart explained in the April 29 R&R, plaintiff's § 1983 claims failed because the named defendant (*i.e.*, Emily Davis) was alleged to be a federal (as opposed to a state or local) official. Dkt. No. 8. Plaintiff's FTCA claims also failed—the complaint did not plausibly allege the exhaustion of administrative remedies. *Id*. But Judge Stewart concluded that this defect in plaintiff's FTCA claim might be fixable. *Id*. Accordingly, Judge Stewart advised that plaintiff be given leave to amend. *Id*.

On May 21, 2024, this Court adopted Judge Stewart's R&R without any objection from plaintiff. Dkt. No. 9. Plaintiff's request for service was denied without prejudice as moot. *Id*. Plaintiff was given a thirty-day period in which to submit an amended pleading that conformed to the instructions set forth in Judge Stewart's April 29 R&R. *Id*. Thereafter, plaintiff timely filed an amended complaint. Dkt. No. 10.

On July 16, 2024, Judge Stewart conducted an initial review of plaintiff's amended complaint and recommended by R&R that the amended pleading be dismissed <u>with a final opportunity to amend</u>. Dkt. No. 11. As Judge Stewart

explained, before filing an FTCA action in federal court a plaintiff must first file an administrative claim with the appropriate federal agency. *Id.*

Judge Stewart found that plaintiff had attached a Form 95 to his amended complaint showing that he had filed an administrative tort claim before filing this FTCA action. Dkt. No. 11. But Judge Stewart determined that the copy of the Form 95 submitted as part of plaintiff's amended complaint "provides no information from which the Court can glean whether the agency received a full opportunity to properly investigate Plaintiff's claim." *Id.* However, Judge Stewart concluded that this deficiency might be "rectified by Plaintiff submitting the papers referenced in his Form 95 in his Second Amended Complaint." *Id.* Accordingly, Judge Stewart recommended that plaintiff be permitted to file a <u>second</u> amended pleading. *Id.*

Plaintiff has not filed objections, and the time period in which to do so has expired. *See* FED R. CIV. P. 72(b).

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 11) is ACCEPTED;

2. Plaintiff's amended complaint[2] (Dkt. No. 10) is DISMISSED with leave to amend;

---

[2] The Clerk of the Court is directed to correct the docket to reflect the caption in this case.

- 4 -

3. Plaintiff shall have THIRTY DAYS in which to submit a second amended complaint that conforms with the instructions set forth in Judge Stewart's July 16, 2024 R&R;

4. If plaintiff timely files a second amended complaint, the Clerk of the Court shall refer this matter to Judge Stewart for further review; and

5. If plaintiff fails to timely file a second amended complaint, the Clerk of the Court is directed to close this matter without further Order of the Court.

IT IS SO ORDERED.

_David N. Hurd_
U.S. District Judge

Dated: August 7, 2024
       Utica, New York.