UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHN FARINA,

                            Plaintiff,

        - v -                                                 8:24-CV-395
                                                                  (DNH/DJS)
UNITED STATES OF AMERICA,

                            Defendant.
_____

**APPEARANCES:**                                 **OF COUNSEL:**

JOHN FARINA
Plaintiff, *Pro Se*
Guilderland, New York 12084

**DANIEL J. STEWART**
**United States Magistrate Judge**

## DECISION and ORDER

Plaintiff, a *pro se* litigant proceeding *in forma pauperis*, filed his Complaint in March of 2024. Dkt. Nos. 1, 2, & 7. Upon review pursuant to 28 U.S.C. § 1915(e), this Court recommended that Plaintiff's Complaint be dismissed with leave to amend. Dkt. No. 8. That recommendation was accepted and on May 21, 2024, Plaintiff's Complaint was dismissed with leave to amend. Dkt. No. 9. Plaintiff then filed an Amended Complaint that was also dismissed with leave to amend. Dkt. Nos. 11 & 13. Now pending before the Court is Plaintiff's Second Amended Complaint. Dkt. No. 15, Second Am. Compl. Therein, Plaintiff asserts that his property was negligently discarded in violation of the Federal Tort Claims Act ("FTCA"). *See generally id.*

## I. SUFFICIENCY OF THE COMPLAINT

### A. Governing Legal Standard

28 U.S.C. § 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, even if a plaintiff meets the financial criteria to commence an action *in forma pauperis*, it is the court's responsibility to determine whether the plaintiff may properly maintain the complaint that he filed in this District before the court may permit the plaintiff to proceed with his action *in forma pauperis*. *See id.* In reviewing a *pro se* complaint, the court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

2

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556).

### B. Summary of the Complaint

Plaintiff alleges that in March 2021 he was arrested and, following his arrest, Homeland Security Agent Emily Davis seized his wallet and its contents without a warrant. Second Am. Compl. at ¶ 4. Afterward, Agent Davis allegedly gave Plaintiff's wallet to an unknown individual without Plaintiff's permission. *Id.* at ¶ 5. According to Plaintiff, this resulted in identity theft and loss of funds. *Id.* at ¶¶ 7-8.

### C. Analysis of the Complaint

After reviewing Plaintiff's submission, the Court finds that Plaintiff may proceed with this matter. As stated in this Court's first Report and Recommendation, the FTCA requires a claimant to exhaust administrative remedies prior to initiating a FTCA action in federal court, a "requirement [that] is jurisdictional and cannot be waived." *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005); Dkt. No. 8 at p. 5. As a prerequisite to filing a FTCA action in federal court, plaintiffs must file an administrative tort claim with the appropriate federal agency within two years of the date of the claim's accrual. *Genao v. United States*, 2010 WL 3328017, at *1 (E.D.N.Y. Aug. 19, 2010). The allegations will be deemed sufficient if they provide the agency "a full opportunity to investigate the claim and evaluate their liability." *Reith v. U.S.*, 2010 WL 11681407, at *4 (N.D.N.Y. July 28, 2010); *see also Downs v. U.S.*, 2009 WL

3

2611226, at *3 (N.D.N.Y. Aug. 24, 2009) ("Although Plaintiff's Form 95 is not overly specific, the Court finds that it contains sufficient information to permit Defendants to conduct an investigation into what occurred[.]").

Here, Plaintiff attached a completed Form 95 to his Second Amended Complaint showing that he filed an administrative tort claim prior to initiating the instant action. Second Am. Compl. at pp. 6-10. Therein, Plaintiff went into detail about the basis for his claim, when the incident occurred, the damages suffered, and who caused the alleged damage. *See id.* at pp. 8-10. The allegations contained in Plaintiff's Form 95 are sufficient because they provided the agency "a full opportunity to investigate the claim and evaluate their liability." *Reith v. U.S.*, 2010 WL 11681407, at *4.

The scope of review here is limited to whether Plaintiff has alleged an arguable claim, not whether Plaintiff can ultimately prevail. Nor does this Order address whether Plaintiff's Complaint would be sufficient to avoid dismissal upon the filing of a proper motion. At this early stage of the proceedings, however, the Complaint contains sufficient allegations to warrant a responsive pleading from Defendant.

## II. CONCLUSION

For the reasons stated herein, it is hereby

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's Complaint be accepted for filing and that this case be allowed to proceed; and it is further

4

**ORDERED**, that the Motion regarding service of the Complaint (Dkt. No. 3) is **GRANTED**; and it is further

**ORDERED**, that the Clerk shall issue Summonses and forward them along with a packet containing General Order 25, which sets forth the Civil Case Management Plan used by the Northern District of New York, along with copies of the Complaint and this Order to the United States Marshal for service upon the Defendant; and it is further

**ORDERED**, that a response to the Complaint be filed by Defendant or Defendant's counsel as provided for in the Federal Rules of Civil Procedure subsequent to service of process on Defendant; and it is further

**ORDERED**, that the Clerk is directed to schedule a Rule 16 Conference before the assigned Magistrate Judge; and it is further

**ORDERED**, that all motions shall comply with the Local Rules of Practice of the Northern District. In accordance with the Local Rules, **<u>Plaintiff must promptly notify the Clerk's Office and all parties or their counsel of any change in Plaintiff's address; his failure to do so will result in the dismissal of this action</u>**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order upon Plaintiff in accordance with the Local Rules.

Date:  September 20, 2024
       Albany, New York

_Daniel J. Stewart_
Daniel J. Stewart
U.S. Magistrate Judge

5